JOSEPH P. MOORE, Executor of the last will and testament of William H. Ennis, deceased,

*vs.*

GOVE ENNIS, HARRY ENNIS, DOROTHY MAY ENNIS, CLIFFORD R. ENNIS, CREADICK ENNIS and HARRY ENNIS, JR.

*Kent, June* 9, 1913.

The word "children," as used in a will, is presumably a word of purchase, and not of limitation, unless there is a contrary intention manifested by the testator.

Where a testator bequeathed a sum of money to his son and his children, the son and the children take jointly and in equal shares, especially where the gifts to other children of the testator were made without a limitation to their children.

Where there is an immediate gift in a will to a son of the testator and his children, only those children who are living at the death of the testator, and not those born afterwards, take under the will.

• Where a testamentary gift to a class is not immediate, but is to take effect at some future date, members of the class, born after the testator's death, but before the vesting of the gift, are included.

BILL BY AN EXECUTOR FOR INSTRUCTIONS. The bill was for instructions to the executor of William H. Ennis, deceased, respecting two items of the will. The testator had nine children, and gave to six of them each the sum of $2,000, *simpliciter*, and to one son he gave $500, "he already having had his full share of my estate." To the two remaining children he made separate bequests, as to which instructions are asked, these provisions of the will being as follows:

"To my son, Gove Ennis, and his children, the sum of two thousand dollars."

"To my son, Harry Ennis, and his children, the sum of two thousand dollars."

By a general residuary clause he gave all the rest of his property to his nine children equally. Both sons, Gove and

Harry, survived the testator. At the death of the testator Gove had one child living, named Dorothy, and more than ten months after the death of the testator another child was born, named Clifford. At the death of the testator Harry had two children, Creadick and Harry. Creadick and Harry Ennis, Jr., children of Harry Ennis, and Dorothy Ennis, a daughter of Gove Ennis, were living at the date of the will. It was questioned whether Gove and Harry Ennis were entitled to the whole of the respective legacies to the exclusion of their children, or whether they took a life estate with remainder to their children; and as to the legacy to Gove Ennis, whether the child born after the death of the testator took any portion under any circumstances. Both of the sons and all of their children were made parties defendant, and the infant children were represented by guardians *ad litem*. The case was heard on bill and answer, and there was no dispute as to the facts.

*Alexander M. Daly*, for the executor.
*James H. Hughes*, for Gove Ennis.
*William P. Shockley*, for Harry Ennis.
*Richard R. Kenney*, for children of Gove Ennis and Harry Ennis.

THE CHANCELLOR. The particular clauses to be construed are alike, and each is a gift of a sum of money to a son "and his children," without other words. At the date of the will and at the death of the testator each son had a child or children living. It is settled by frequent judicial declaration that the word "children" is primarily and presumably a word of purchase and not of limitation, unless there is something in the will to show a contrary intention on the part of the testator. In Delaware it was so held by the Court of Errors and Appeals in *Jamison v. McWhorter*, 7 *Houst.* 242, 257, 31 *Atl.* 517, and by the Superior Court in *Caulk v. Caulk*, 3 *Pennewill* 528, 530, 52 *Atl.* 340.

It seems also to be as clearly settled, that if there be a gift to A. and his children, *simpliciter*, and there be children of A. living at the date of the will and at the death of the testator,

then A. and his children take the gift jointly and in equal shares. Indeed, after careful examination of many cases, and without undertaking to cite them, I find no case which holds differently, whether the subject-matter of the gift be real or personal property, or both. This rule would determine the construction of the gifts under the Ennis will.

It is probable that this rule had its origin in *Wilds' Case*, 6 *Coke* 16*b*. There there was a devise to A. and his children, and at the time of the making of the will A. had children. After laying down the proposition that if A. had not had children at that time it would have been an estate tail in A., the court added:

"If a man devise land to A. and to his children or issue, and they then have issue of their bodies, there his express intent may take effect, according to the rule of the common law, and no manifest and certain intent appears in the will to the contrary. And therefore in such case, they shall have but a joint estate for life."

It is manifest, of course, that according to the statutes in Delaware instead of a joint estate for life there would have been an estate in fee simple as tenants in common. This rule in *Wilds' Case* has invariably been recognized, declared and followed, so far as I have seen, in all of the many cases I have examined. This is the natural meaning of the words. The gift is to the son, as well as to his children; to the children as well as to the son; to all alike. A gift to several persons is a gift to them jointly and there is no reason to have a different rule where the gift is to a man and his children. To change this primary meaning one must go outside the words and in place of the natural and legal import of the words grope by surmise for some other meaning. For more than three centuries that has been an established rule of law as to real estate. Should another meaning be given to the words because the subject-matter of the gift is personal and not real property? No case so holds and no reason has ever been suggested why there should be a different rule applicable to the two kinds of property. True, *Wilds' Case* has been commented on in many cases, but it was the other propositions laid down by the court *obiter* which were discussed. These propositions were rules

applicable to a devise to A. and his children, where A. had no·
children at the time.   So also it has been discussed in many
cases whether these latter propositions apply to gifts of per-
sonalty.   In *Caulk v. Caulk*, 3 *Pennewill* 528, 541, 52 *Atl.* 340
the court seemed to approve the rule that even if A. had no
children at the date of the will, a gift of personalty to A. and
his children would be a gift to A. and his children jointly.
But in considering the will of Ennis it is not necessary to agree
with this, or with the further rule stated in *Caulk v. Caulk*, 3
*Pennewill* 538, 52 *Atl.* 340, that the will must be construed
with reference to the facts and conditions as they exist at the
date of the will, instead of at the death of the testator, for the
obvious reason that both at the date of the will and at the
death of the testator, the two sons, Gove and Harry Ennis each
had a child or children living.   There is much reason to take a
different view as to the time from which the will is to speak.
It may be that since the impossibility of giving the children
an estate jointly with their ancestor is the main reason for
giving an ancestor an estate tail in case there are no children,
and as this impossibility does not exist if there are children living
at the time of the testator's death, though not at the date of the
will, the existence or non-existence of children at the death of
the testator, if the gift be immediate, is the important point of·
time.   There are cases which so hold that the existence, or
non-existence of children at the time the·bequest takes effect
and not merely when it was made, is important as affecting the
construction of the will.   But it is not necessary to even review
them.

Taking the two gifts to Gove and Harry Ennis and their
children by themselves it is clear by reason and authority that
there was a gift to each of them concurrently with their respec-
tive children.   There is, however, in the will, taken as a whole,
evidence of testamentary intention in confirmation of the appli-
cation of the foregoing rule.   The testator gave to seven of his
nine children a sum of money outright, absolutely and without
any qualifying words, and then gave to each of his two sons,
Gove and Harry, legacies with the additional words "and their
children."   This indicated an intention as to the gifts to these

sons different from the gifts to the other seven and an intention to benefit the children of these two sons. Then they cannot be intended to be absolute gifts to the sons. Such a gift must be construed to be either a gift in tail, or to the sons for life with remainder to the children. The former must be excluded, because the effect of so construing it would be to vest the absolute interest in the sons; for a gift which would vest an estate tail in the first taker if the subject-matter of the gift be real estate, would give the first taker an absolute estate where the subject-matter of the gift is personal property. The latter, a life estate, is to be excluded also, because it would be importing an unnatural meaning to the words, the natural meaning of which is plain and unmistakable.

It remains to be considered whether Clifford Ennis, the child of Gove Ennis, born after the death of the testator, was entitled to share in the legacy given to Gove Ennis and his children. It is also established law in Delaware, that an immediate gift to a class vests in those only who are in existence at the testator's death and those born thereafter are excluded. This was established by the Court of Errors and Appeals of this State in *State, Use of Richardson v. Raughley*, 1 *Houst.* 561. There the gift was of the residuary estate to be equally divided among all the testator's grandchildren, children of his five named daughters, the money to be paid when they arrived at lawful age. It was determined that only such grandchildren of the testator as were in being at his death were entitled to shares in the legacy, and that a child of one of the testator's daughters born after the death of the testator was excluded, the gift being immediate, though payment was postponed. See also *Doe. dem. Ingram v. Girard*, 1 *Houst.* 276, 286. If the gift is not immediate, but to take effect at some time subsequent to the death of the testator, those members of the class born after the testator's death and before the vesting of the gift will be entitled with those theretofore members of the class. Of course, under the will of William H. Ennis, the gift is immediate and there is not even a postponement of payment. This necessarily excludes Clifford Ennis, the son of Gove Ennis, as a legatee.